UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-72-H

VICKI L. DUNCAN                                                                                          PLAINTIFF

V.

KOCH AIR, LLC                                                                                            DEFENDANT

**MEMORANDUM OPINION**

Defendant, Koch Air, LLC ("Koch Air"), has moved for summary judgment on the claims of Plaintiff, Vicki L. Duncan ("Duncan"), for employment discrimination on the basis of gender and defamation. The Court has thoroughly reviewed the memoranda of the parties, the record filed with the Court and has thoroughly discussed the case with counsel. Both sides made excellent arguments. The Court concludes that the evidence of record does not establish a prima facie case.

I.

Duncan was a ten-year, at-will employee at Koch Air. She scheduled a vacation to the Bahamas from October 19 through October 26, 2002, and traveled there by a private plane piloted by her fiancé. She was scheduled to return to work Monday, October 26, 2002.

According to Duncan, on the evening prior to her scheduled departure from the Bahamas, her fiancé determined that unstable weather would not permit the return flight. Duncan placed a call to her supervisor, Scott Ritchey, presumably for the purpose of advising him of her potential delayed return. Ritchey was not at home, however. Duncan instead spoke with Ritchey's wife.

The exact substance of that conversation is disputed. According to Duncan, she told Ritchey's wife that bad weather might prevent her return as scheduled. She asked Ritchey to call her or indicated that she would attempt another call to him.

By the next day, Duncan determined that she could not return home on time. According to Duncan, she attempted to call, but could not complete it because all outgoing service was down or disabled. Therefore, she could not advise Ritchey of her delayed return. Duncan did not return to work either Monday or Tuesday due to weather. Moreover, she could not reach Ritchey by phone until late Tuesday afternoon. According to Duncan, Ritchey sounded as though he had already made up his mind to terminate her. She told him that she loved her job and wanted to keep it. They planned a meeting for the next day.

According to Ritchey, after hearing her excuse on Tuesday afternoon, he checked the weather at her Bahamas location. After determining that the weather was fine at that location, he concluded that her excuse for absence was unacceptable. Duncan and Ritchey did meet the next day at which time he terminated her for violating the rule that prohibited two consecutive days' absence without proper notice. This lawsuit followed.

## II.

Absent actual direct evidence of discrimination, a plaintiff "has the burden of proving by the preponderance of the evidence a prima facie case." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). By establishing a prima facie case plaintiff creates "a presumption that the employer unlawfully discriminated against the employee." *Id.* at 252. It is a rebuttable presumption. Thereafter, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. *See McDonnell Douglas Corp. v. Green*, 411

U.S. 792, 802-04 (1973). If the defendant meets his burden, plaintiff must then show that the defendant articulated a reason as a pretext for discrimination. *See id.*

Duncan has no direct evidence of discrimination. To establish a prima facie case, she must show that: (1) she belonged to a protected class, (2) she was discharged, (3) she possessed the qualifications for her position; and (4) her treatment differed from those of similarly situated individuals outside her protected class. *See Suggs v. ServiceMaster Educ. Food Management*, 72 F.3d 1228, 1232 (6th Cir. 1996); *Brewer v. General Drivers, Warehousemen & Helpers Local Union 89*, 190 F. Supp. 2d 966, 973 (W.D. Ky. 2002).[1] Only the last element is in question here.

A.

In order to prove differing treatment, Duncan must have evidence that similarly non-protected employees were treated more favorably. In *Mitchell v. Toledo Hospital*, the Sixth Circuit said, "it is fundamental that to make a comparison of a discrimination plaintiff's treatment to that of non-minority employees, the plaintiff must show that the 'comparables' are similarly-situated *in all respects.*" 964 F.2d 577, 583 (6th Cir. 1992) (emphasis in original) (citation omitted). "[T]o be deemed 'similarly situated,' the individuals with whom the plaintiffs seek to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id.* (citation omitted). Duncan must be nearly identical to those of the employee she alleges was treated more favorably. *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802

---

[1] The Sixth Circuit also allows the plaintiff to establish the fourth prong by establishing that the plaintiff "was replaced by someone outside of [her] protected class." *Warfield v. Lebanon Correctional Inst.*, 181 F.3d 723, 729 (6th Cir. 1999). However, this application is unavailable here as Defendant did not hire a replacement for Duncan's position.

(6th Cir. 1994).

This is an important evidentiary requirement. Without complying, the comparison is not meaningful and cannot create the necessary inference of discrimination. Hearsay testimony and conclusory or subjective allegations are insufficient to show disparate treatment. *See Mitchell v. Toledo Hosp.*, 964 F.2d at 584-85; *Wilson v. Dana Corp.*, 210 F.Supp.2d 867, 879 n.7 (W.D. Ky. 2002). Defendant argues strenuously that Duncan does not have evidence of a comparable employee.

B.

Here, Duncan says that two other employees, Steve Lambert and Rodney Holland, were similarly situated and were allowed to remain at work even though they violated the company policy regarding absence from work. The company policy is that if an employee is unable to be at work, the employee must advise their supervisor prior to the absence. Absence from work for two consecutive days with proper notice is grounds for termination. If the Court determines that either Lambert or Holland were similarly situated and were treated differently, then Duncan has stated a prima facie case.

Duncan provides no specific information about Holland's supposed similarity. She says that Holland was allowed to take time off even though he had exhausted all his allowable vacation time. Duncan has no direct evidence of this. Her hearsay testimony on this point does not support her claims. Even if true, that presents an entirely different circumstance than Duncan's. In her deposition, Duncan said that she could recall nothing of Mr. Holland's having missed two consecutive days without giving proper notice. For all these reasons, Duncan's attempt to cast Mr. Holland as a similarly situated employee must fail.

The comparison between Duncan and Lambert is that Lambert allegedly also missed two days without giving direct notice and he retained his job. Duncan says that Defendant applied the "two day rule" differently to Lambert than to her. Some of the facts are in dispute. Ultimately, these disputes do not effect the result. One could conclude that neither Duncan nor Lambert notified their supervisors directly prior to their respective absences.[2] In each case, the rule was not applied in a strict manner. In each case, the supervisor questioned the validity of their excuses. In each case, their respective supervisors required additional information or did additional investigation regarding the excuses. In Lambert's case, the supervisor did not take his word for granted but required additional evidence in the form of a doctor's note. In Duncan's case, her supervisor did not take her word for granted and checked the weather reports. In Lambert's case the supervisor determined that his medical excuse was valid; in Duncan's case her supervisor determined that the weather excuse was invalid. One could argue that the circumstances of the two incidents are so dissimilar that Lambert is not similarly situated.

C.

Even if Lambert's circumstances are deemed similar, however, another conceptual problem bars the way to a prima facie case. The evidence permits an inference of discrimination where the same person makes a different decision as to a man and a woman in similar circumstances applying the same employment rule. Where different persons are involved, the same logic does not apply. *See Mitchell v. Toledo*, 964 F.2d at 583; *McMillan v. Castro*, 405 F.3d 405, 413-15 (6th Cir. 2005). For instance, it stands to reason that if two decision makers

---

[2] A preponderance of the evidence suggests that Lambert did convey timely notice on several occasions prior to absence from work. In this way, his circumstances are distinctly different than Duncan's.

5

interpret or apply an employment rule differently and completely independent of one another, the difference in their applications does not tend to prove that one of them is discriminating on the basis of gender. In our case, a different person made the decision to excuse Lambert than those persons who decided to terminate Duncan. Duncan's supervisor made his decision and conferred with the Human Relations Director. Lambert's supervisor made his decision without consultation. Thus, having the same decision maker or supervisor can be determinative.

Special circumstances could change the analysis. For instance, if the two decision makers knew of their decisions or coordinated their decisions the inference might be permissible. *See, e.g., Seay v. Tennessee Valley Authority*, 339 F.3d 454, 479-80 (6th Cir. 2003). But no evidence exists that the two supervisors discussed or coordinated their decisions. No evidence exists that Duncan's supervisor knew of the Lambert decision. Thus, on its face, the facts do not suggest the different treatment, even if it existed, was related to gender. From this evidence, an inference of discrimination is simply unavailable as a matter of law. Because Duncan cannot identify someone to whom she was similarly situated, she cannot make out a prima facie case.

III.

Having found that Duncan fails to make out a prima facie case, it is unnecessary to proceed with further examination. However, the Court will address several additional arguments Duncan made in an effort to show that Defendant's proffered reason for terminating her was actually a pretext for discrimination. None of them succeed.

Duncan suggests that her call to Ritchey's home on Friday amounted to notice of her absence. Thus, she did not violate the two day rule. Even Duncan admitted in her deposition that she was not sure whether she would return by Monday. Ritchey did not consider it notice.

For Ritchey to accept Duncan's statement on its face does not tend to prove that his stated reasons for termination were a mere pretext. Thus, the argument does not create a prima facie case.

Duncan attempts to discredit Defendant's investigation of her excuse for missing work – weather conditions in the Bahamas. Duncan argues that it was wrong of her supervisor to check the weather in the Bahamas because that is not a true measure of her ability to return by a small plane. Perhaps this is so. Perhaps Defendant made the mistake in the kind of information that he sought. Nevertheless, for purposes of our analysis, it matters not whether Defendant made a correct business decision, but whether it made one as a pretext for discrimination. *Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544, 550 (6th Cir. 2004). If Duncan were to prove that her supervisor acted negligently or improperly in attempting to determine the flying conditions, this would not tend to suggest that his real reasons for termination might be related to her gender. It would only prove that he made a mistake in his investigation.

Finally, Duncan argues that her supervisor had "made up his mind" to terminate her prior to speaking with her or acquiring any additional information. She says this based on the tone of her telephone conversation with her supervisor prior to coming into work. This evidence, she contends, establishes that her supervisor sought out additional information as a mere pretext for a decision he had already made. But the fact remains that Duncan was not officially terminated until after the supervisor made additional inquiries regarding Duncan's excuse for absence. The perceived tone of a conversation is not sufficient evidence upon which to base a conclusion that Duncan was terminated because of her gender.

IV.

To establish a claim of defamation under Kentucky law, one must establish the following elements: (1) a defamatory statement; (2) about the plaintiff; (3) that is published; and (4) causes injury to one's reputation. *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003). Duncan alleges only two supposed defamatory statements by Koch Air employees regarding her termination. Duncan alleges that Ritchey told certain persons that she "went on vacation and never came back." Duncan also says that Darlene Baumbeck said that Duncan "went on vacation and never came back, and didn't have the decency to even call." Finally, Duncan alleges that Phil Raisle stated that "they had checked the weather in the Bahamas and there was no weather, therefore, they didn't believe what I had said."

The defamation claim is insufficient for a variety of reasons. First, Duncan has no direct testimony that the individuals made the statements as alleged. Duncan has merely repeated the hearsay statements of other persons. The record contains no affidavits of the persons who actually heard the supposed defamatory statements. The status of the record was confirmed at conference. Second, even analyzing the statements alleged, they do not appear to be defamatory per se under Kentucky law because they do not "expose the plaintiff to public hatred, ridicule, contempt or disgrace, or to induce an evil opinion of him in the minds of right-thinking people and to deprive him of their friendship, intercourse and society." *Digest Publishing Co., Inc. v. Perry Publishing Co., Inc.*, 284 S.W.2d 832, 834 (Ky. 1955); *see also Columbia Sussex Corp. v. Hay*, 627 S.W.2d 270, 274 (Ky. App. 1981). Absent a showing of a statement that is defamation per se, Duncan's claim would fail because she has not alleged specific damages resulting from the statements. *Rich v. Kentucky Country Day, Inc.*, 793 S.W.2d 832, 837 (Ky. App. 1990). Duncan's mere assertion that the statements have made it difficult for her to obtain employment

is simply not a sufficient basis for going forward.  For these two reasons, Duncan cannot go forward with her defamation claim.

      The Court will enter an order consistent with this Memorandum Opinion.

cc:    Counsel of Record